STATE OF NORTH CAROLINA *EX REL.* UTILITIES COMMISSION v. AT&T COMMUNICATIONS OF THE SOUTHERN STATES, INC.

No. 238A87

(Filed 3 February 1988)

**Telecommunications § 1.2— interLATA Private Line Service—different rates for nonresellers and resellers**

An order of the Utilities Commission establishing different interLATA Private Line Service rates for AT&T's nonreseller customers and its reseller customers was discriminatory on its face.

Justice WEBB did not participate in the consideration or decision of this case.

APPEAL by AT&T Communications of the Southern States, Inc. from the Order Establishing Rate Design Guidelines issued 23 December 1986 by the North Carolina Utilities Commission in

---
State ex rel. Utilities Comm. v. AT&T Communications
---

Docket No. P-140, Sub 9. Heard in the Supreme Court 9 December 1987.

    *Robert P. Gruber, Executive Director, by Antoinette R. Wike, Chief Counsel, for the Public Staff, North Carolina Utilities Commission, appellee.*

    *Dwight W. Allen, Vice President-General Counsel & Secretary, and Jack H. Derrick, General Attorney, for Carolina Telephone and Telegraph Company, appellee.*

    *Tharrington, Smith & Hargrove, by Wade H. Hargrove, and Gene V. Coker, for AT&T Communications of the Southern States, Inc., appellant.*

PER CURIAM.

    AT&T Communications of the Southern States, Inc. (AT&T) appeals from the 23 December 1986 order of the North Carolina Utilities Commission (Commission) contending inter alia that the order is fatally deficient as a matter of law. We agree.

    This proceeding involves AT&T's petition to adjust its existing rates for interLATA Private Line Service. LATAs are Local Access and Transport Areas located in five geographical areas within North Carolina, at Asheville, Charlotte, Greensboro, Raleigh, and Wilmington. Telephone calls between LATAs are "interLATA" service. InterLATA service is provided by two types of carriers: "facility based," such as AT&T, MCI, and Sprint, and "resale" carriers. Facility based carriers own and operate their own facilities. Resale carriers acquire service from facility based carriers and resell the service to end user customers. It is necessary for facility based carriers to interconnect lines and facilities with local telephone companies which provide *intra*LATA service. For these interconnections such carriers as AT&T must pay an access fee, regulated by the Commission.

    Private Line Service involves a dedicated facility to one or more points designated by the customer and is always available for the customer's exclusive use. Private Line Service cannot be "switched" onto outside telephone networks but services only locations on the Private Line Service.

AT&T is presently authorized to provide interLATA Private Line Service to its end user customers. As stated above, in order to provide this service AT&T must acquire access service from such local exchange companies. Access fees paid by AT&T form a part of its costs in providing this service. These costs are recovered in the rates charged by AT&T known as "Station Terminal Rates."

In its order, the Commission prescribed different Private Line Service rates for AT&T's nonreseller (end user) customers and its reseller customers. For nonresellers, the Commission approved a 25 percent increase in the "Station Terminal Rate" component of the rate structure but did not change the interLATA Private Line Service component.

For resellers, the Commission deleted the Station Terminal Rate component entirely and ordered resellers to obtain Special Access for the local link directly from local exchange telephone companies, rather than from AT&T as had been previously done. The Commission also reduced the interLATA Private Line Service rates for resellers. Thus the Commission established a higher rate for AT&T's nonreseller customers than for its reseller customers.

We conclude that upon the face of the order dated 23 December 1986 the rates established are discriminatory. There may be legally adequate reasons why the order is not unjustly discriminatory within the meaning of N.C.G.S. § 62-2(4). However, such reasons, if any, do not appear in the order. The Commission has the duty to enter final orders that are sufficient in detail to enable this Court on appeal to determine the controverted issues. N.C.G.S. § 62-79(a) (1982); *State ex rel. Utilities Comm. v. Conservation Council*, 312 N.C. 59, 320 S.E. 2d 679 (1984). This the Commission has failed to do. The order must be sufficient within itself to comply with the statute. Failure to include all necessary findings of fact and details is an error of law and a basis for remand under N.C.G.S. § 62-94(b)(4) because it frustrates appellate review. *State ex rel. Utilities Comm. v. The Public Staff*, 317 N.C. 26, 343 S.E. 2d 898 (1986). Therefore, the order of the Commission is vacated and this cause is remanded to the Commission for further proceedings not inconsistent with this opinion.

Vacated and remanded.

Justice WEBB did not participate in the consideration or decision of this case.